1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TREANDOUS COTTON,

          Petitioner,

    v.

RANDY GROUNDS,

          Respondent.

——————————————————/

No. C 13-3846 WHA (PR)

**ORDER OF DISMISSAL;
GRANTING LEAVE TO PROCEED
IN FORMA PAUPERIS; DENYING
APPOINTMENT OF COUNSEL**

(Dkt. 3, 4)

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition challenges the conditions of his confinement, specifically interference with his efforts to pursue administrative appeals and prison officials' identification of him as a gang member. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Ibid.* The Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334

1   F.3d 850, 859 (9th Cir. 2003); *accord Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil

2   rights action is proper method of challenging conditions of confinement).  As petitioner's

3   claims challenge the conditions of his confinement and will not necessarily shorten his sentence

4   if successful, they must be brought in a civil rights complaint, not in a habeas petition.

5   Accordingly, the instant petition is **DISMISSED** without prejudice to petitioner raising his claims

6   in a civil rights complaint that he files in a new case.

7        Leave to proceed in forma pauperis is **GRANTED** due to petitioner's lack of funds.  In

8   light of this dismissal, appointment of counsel is **DENIED**.

9        **IT IS SO ORDERED.**

10

11   Dated: September   24  , 2013.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

2